Good morning to the court. Again, my name is Brian Wolfe. I'm here on behalf, in this case, of the appellants in Court of Appeal number 0956854. I have one question. Yes, Your Honor. What evidence exists in the record to support your claim that Mr. Cusano's images are copyrighted? Your Honor, the DVD was submitted to the court as part of the record. The DVD has the copyright registration on it. Likewise, the other medium in which Mr. Cusano's image appeared is one episode of a television series that airs on A&E. And likewise, the DVD of that episode was submitted to the district court, which would have the copyright registration on the content of the DVD, the liner notes. Both products are distributed in commerce and have been copyrighted since inception. It wasn't clear to me that Kiss Company's copyright ownership of the Lick It Up compositions necessarily extends to images of Cusano, which were used in the DVD box set and the TV show. If Cusano's images are copyright protected, however, then his claims appear perhaps preempted by federal law. But I wondered what your response was. Well, I would agree with you, Your Honor, to the extent that certainly the images are embodied in copyrighted expressive works. It's a DVD collection of visual images, interviews, performances. The other medium is a television episode, a series. It's one of those reality shows. The issue that you raised with whether or not the conveyance of the copyright of the Lick It Up compositions to the Kiss partnership in the 1983 agreement would also apply to his image, we haven't made that argument, Your Honor. And I don't think I would make that argument. But the argument that we make is because Mr. Cusano's image is embodied in the copyrighted work, in this case a DVD collection of interviews, musical performances, fictional performances by the band Kiss, number one. And secondly, embodied in one episode for all of five seconds of a television series. The embodiment of the image in those copyrighted works is most certainly preempted by the Copyright Act. That's consistent with Fleet v. CBS. That's consistent with Laws, which is a Ninth Circuit court decision, Laws v. Sony Music. It's consistent with Daily v. Viacom. Each and every one of those cases has held affirmatively that the embodiment is the medium you look at and the embodiment of someone's image in copyrighted expressive work is protected by the Copyright Act. So on that issue, although the issue doesn't go, in my mind anyway, to whether or not the rights were conveyed as part of the 1983 agreement, it would be simply because of his public performance with the band Kiss. And the fact that both the band and he are public figures, that the embodiment of those images in that expressive audiovisual work, the DVD collection. But again, the proof of copyright is what, a notice on the DVD? Yes, Your Honor. It's a notice on the DVD and it's the notice on the, both on the DVD and when the television show is aired. There's obviously a copyright notice that's on that episode also, which was aired nationally on A&E Network. And it shows copyright is owned by whom? Well, the copyright is not owned by Kiss and that's one of the fallacies of the claim of Mr. Cazano is that the copyright is not owned by Kiss and it's not clear whether or not. So if it's not, then what is the copyright claim that's being preempted here? Well, the copyright claim is Mr. Cazano is attempting to preclude the distribution and exploitation of these copyrighted materials by asserting a claim of misappropriation of right of publicity, a state law claim. So if he were to prevail or if the court were even to consider that, the copyright owner arguably would have its rights impinged upon based on the assertion of the state law misappropriation claim. So the, I don't think that the copyright owner needs to be a party to the action in order for the court to find that a claim of this nature where the physical embodiment is included in an expressive audio visual work. The copyright owner doesn't need to be included in the action in order to have a finding that the right of publicity claim would be preempted by the Copyright Act. You say that Kiss doesn't own the copyright, who does? The production entity for both the DVD and the television series owns the copyright. So your position is that there's preemption because it's copyrightable and it's been copyrighted? Correct. And I would argue, Your Honors, that that is absolutely consistent with the law of the state of California and as referenced in some detail in the laws versus Sony Music case, which is a Ninth Circuit decision. And that's true of all the works we're talking about here? There's only two, Your Honor. Right. There's only two audio visual work. Let me back up. Mr. Cusano's claim for misappropriation of right of publicity is there's only two causes of that, two claims for relief. They're both misappropriation of right of publicity. One pertains to his image appearing in a DVD collection called Kissology, which is kind of a biography of the band Kiss for a certain number of years. The other is his image embodied in one episode of a television series, a reality television series called Gene Simmons' Family Jewels. I understand. But what I'm trying to get at is the trial court described the box set as a – do I have this right? Yes. Not the roast episode, but the other set as being a collection of performances in the main, but also some interviews that were added as well. So I'm not – you think that if I understand you correctly, that I should not be viewing that as a collection of copyrighted works, but that the collection as it was produced has a single copyright for that box set? Yes, Your Honor. That's correct. That's absolutely correct. And so under the anti-SLAPP statute, CCP section 425.16, the first prong or the element, as I'm sure the Court gathered from the briefs, is to determine whether or not the plaintiff's claim is based on the exercise of the defendant's rights of free speech in connection with a public issue. We would argue that the references, the fleeting references to Mr. Cusano in the DVD and in the television series, in fact, do constitute an exercise of free speech rights in connection with a public issue. I would only point out to the Court that, in fact, although it's an unreported decision, the California Court of Appeal decision in Greenstein v. Greif addressed this very issue. In that case, a different case, a plaintiff appeared in the television series. Gene Simmons, Family Jewels, filed a misappropriation claim under Civil Code Section 3344, just as Mr. Cusano has. The Court of Appeal considered it. The Court of Appeal ruled that, in fact, the television series does satisfy the first element under the anti-SLAPP statute in that the television series is. Let's assume that it clears step one. Under our decision in Hilton, the second step is stated as follows. In that opinion, at the second step of the anti-SLAPP inquiry, the required probability that Hilton, in this case Mr. Cusano, will prevail need not be high. Do you agree with that statement? I agree with that opinion of the Court, Your Honor. Your statement in your brief led me to believe when I read it. And I confess I didn't go back to check it out again. But it sounded like you said that the standard was not just need not be high. You took just the opposite position. Basically, Mr. Cusano has a heightened standard to clear at this stage, which would be equivalent almost to a summary judgment standard. I wouldn't argue that, Your Honor. And I would agree in principle with the Hilton case, although I would say that there are other cases under State, California State appellate decisions that refer to the showing by the plaintiff as being something not akin to a motion for summary judgment, but certainly more than what would be necessary to satisfy a demur. And the only point I would point out is, assuming that the first prong of the anti-SLAPP statute is satisfied, that the action is based on the exercise of free speech in connection with a public issue, in my opinion, by no stretch of the imagination can Mr. Cusano prevail because his claims are preempted by the Copyright Act under Fleet, under Laws, and under Daly. Okay. Thank you. Thank you. Mr. Cusano. Good morning, Your Honor. It's Michael McClellan on behalf of Mr. Cusano. Your Honor, there are several important anti-SLAPP issues presented in this case, but I want to take a moment and address primarily the inequitable nature of Defendant Klein's argument. The preemption argument within the anti-SLAPP motion construct within the two-prong test would fall under the second step. It would require the defendant to establish the first prong and act in furtherance of speech rights in connection with a public issue. But there's an inherent duality to the defendant's argument here, and that is their contention is that Mr. Cusano's Civil Code 3344 claim, the only cause of action alleged in the Second Amendment complaint, I'm sorry, the First Amendment complaint at issue here, their contention is that's a Copyright Act claim. It's preempted under federal law, and under this circuit's holdings in Hilton, amongst others, a federal law claim, a claim arising under the federal law, as a Copyright Act claim would be, is not subject to a 425.16 motion. And so the defendants are trying to have their cake and eat it, too. They want to use the state law nature of the 3344 claim that's actually pled as a means to clear the first prong of the slap motion. And they then want to turn under the merits-based analysis of the second prong and claim, well, it's preempted anyway. And there's an inherent unfairness to that, as well as a legal dichotomy that I think doesn't work. And having framed the issue that way, I want to move to the issues regarding the slap motion that the defendants have appealed here. It is the defendants' burden to prove not only the two prongs, as the California Supreme Court has recognized them in numerous cases that apply to a motion pursuant to 425.16. It's the defendants' burden to prove that the motion was properly brought in the federal court. And I would argue that the facts of this case, Your Honors, merit another look at the Lockheed rationale in light of several subsequent intervening events since Lockheed was originally decided. Counsel, may I just interrupt here? Yes, Your Honor. In your reply brief, you stated that due to federal jurisdiction, quote, certain claims initially made under 3344 may have been preempted by the Copyright Act. And rather than briefing that issue on appeal, you simply noted that your efforts to cure the jurisdictional deficiencies by seeking to file amended complaints would answer that question. Is there any reason why you failed to brief that issue? Your Honor, we have a little bit of confusion. I'm not sure the reply brief. Mr. Cusano did not file a reply brief, as is the appellee in this appeal. Are you referring to his answering brief? I'm sorry. I noted in my notes that in your reply brief, it was stated that certain claims made under 3344 may have been preempted by the Copyright Act. I would be happy to discuss the copyright preemption issue, if the panel would like to hear it. I certainly would. First of all, the application of copyright preemption here is not as clear as the defendants have suggested to this Court. The defendants rely on Fleet v. CBS. Fleet itself recognized that preemption is often the exception, not the rule. And, in fact, the California Court, the Second District Court of Appeal, walked back from Fleet in KNB Enterprises, which is, I believe, a 2007 decision. It wasn't cited by either party in the briefs. But let's stick with federal copyright law. This circuit in Monts and in Abercrombie did not find copyright preemption. The Supreme Court in Zucchini, which is discussed at length in the California Supreme Court case of Comedy 3, did not find preemption of, in that case, it was an Ohio statute, but it was a right of publicity claim under Ohio law. U.S. Supreme Court did not find copyright preemption in that case. This Court's holding in Abercrombie v. Fitch, I think, goes directly to some of the inquiries directed at defendants' counsel earlier, and that is, in Abercrombie v. Fitch, this circuit concluded that someone's image, which underlies a right to writing within the meaning of the U.S. Constitution, does not constitute a writing by an author within the meaning of the Copyright Act, and merely the impregnating within a copyrightable medium was not enough to subject it to the Copyright Act preemption under the U.S. Constitution. That's this circuit's opinion in Abercrombie v. Fitch. I would direct the Court to also Tony v. L'Oreal, a Seventh Circuit decision that looked at right of publicity within the context of copyright preemption, and the Seventh Circuit there in Tony v. L'Oreal found that the extra element within a right of publicity claim, i.e., the use for commercial value, which is an extra element not present in a copyright infringement action under federal law, the extra element of commercial value was enough to take it outside of copyright preemption. I would say this Court's opinion in Mons, which dealt with an applied law contract claim, which was not preempted under copyright law because it embodied the extra element of an agreement, Mons is eminently reconcilable with Tony v. L'Oreal. Now, there's no preemption here. And I would like for a moment to go back to my initial point, which was Lockheed needs to be revisited in light of several major things. First, the enactment of 425.17 by the California legislature, which recognized its subdivision A of 425.17, the disturbing abuse of the anti-slap motion. Several other factors merit a reconsideration of the Lockheed opinion. The U.S. Supreme Court's decision in Shady Grove in 2009, which dealt specifically with Erie doctrine and Erie's progeny, the Hannah v. Plummer progeny specifically. So, Shady Grove. Several months ago, the District Court for the United States District of Columbia, I'm sorry, the United States District Court for the District of Columbia in 3M v. Bolter, held the District of Columbia's anti-slap statute to be invalid, or I'm sorry, non-applicable under Erie. And it based its opinion in large part on a reading of this Court's opinion in as well as the Central District's opinion in Rogers, which this Court seemed to approve of in Metabolite. There's a great deal of confusion as to whether 425.16 anti-slap motions are applicable in federal court. I would suggest they're not. Under the Erie doctrine's analysis for whether a state law is a substantive law that's therefore incorporated, Lockheed focused almost entirely on the unavailability of attorney's fees under Rule 12 or Rule 56, and therefore found no collision. As I mentioned, 3M v. Bolter, the District Court, did find a collision. But the second prong is where I think this Court could reconsider the Lockheed ruling, and should reconsider it. And the second prong on that analysis is would adopting the state law encourage abuse of the state law? Would it, in other words, encourage malicious plaintiffs to run to the federal court? The Lockheed Court concluded that if it did not adopt the slap motion in federal courts, it would encourage meretricious and malicious plaintiffs to come to federal court. I would argue that Rule 11 and the availability of the court's inherent authority to sanction and police its courts in the federal court is incredibly unlikely to motivate any malicious plaintiff to come to the federal court. State courts, by contrast, the California Superior Courts, have no inherent authority to issue sanctions. That is the forum more likely to be sought by a malicious plaintiff. The second point on the abuse of the forum would be the adoption of 425.17 makes clear that the California legislature's concern most timely post-Lockheed, the legislature's concern is the abuse of the motion, not strategic lawsuits against public participation. In other words, we've gone from protecting the right of free speech to now trying to limit the abuse of the motion that was meant to protect the right of free speech. And finally, Your Honors, I would argue that Lockheed needs to be reconsidered primarily based on the facts of this case. That being, Mr. Cruzano did not come to federal court. This case was removed from superior court to federal court. And it is the defendants that have raised the Federal Copyright Act as a subject matter jurisdiction basis for being in federal court. Mr. Cruzano did not avail himself of this court's jurisdiction. The defendants brought him here, and I would argue that that argues for, if not a exception to the Lockheed doctrine, that the slot motion could not be used in a federal court where the plaintiff was dragged there, particularly where the plaintiff was dragged there on removal, and the defendants as here contend that there's a copyrighted claim, which is not itself subject to, under Hilton and this circuit court's other cases, not subject to a slot motion itself. Next, I would like to You're over time, counsel, so I think if you can wrap it up in a couple sentences. A couple sentences. The district court got this case entirely correct. The defendants did not meet the first prong. There is no speech in connection with a public issue. The dispositive case that should control the outcome here is Episcopal Church cases by the California Supreme Court in which the Supreme Court held that an ordinary property dispute, which is essentially what this is, whether it's viewed as a copyright dispute or a right of publicity dispute, this is a property dispute over Mr. Cruzano's right to his persona, which is a form of property. And the Supreme Court in Episcopal Church cases concluded that even if And I would argue in that case it was a discussion about homosexuality in the public forum. Okay. If it doesn't qualify there, it doesn't qualify here. All right. Thank you. And thank you, Your Honors. Thank you. You're the opponent. You have a minute left. Oh, it's over. See, even I don't read my own. I'll give you a minute. I'll give you a minute anyway. I usually do. Thank you, Your Honor. I would just point out a couple of things. The sort of the closing argument by counsel for Mr. Cruzano that this case should be viewed as a routine property dispute just ignores the facts. That's not what it is. It's an issue of someone alleging that the right of publicity has been misappropriated because it was embodied in expressive copyrighted work. I have to say the anti-SLAPP jurisprudence has sure moved a long way from what the intent of the California legislature was to get into this area. I don't know if Clint Eastwood would have been able to sue the National  Your Honor, that's probably an argument for another day, but I would point out this in response to that, that this very court in Hilton found that a greeting card. No, I know what it did. And one line that says, have a smoking hot birthday qualified for the anti-SLAPP statute. I think that in our case, and I'm not necessarily arguing that that was the right decision, but in our case we're much further beyond that. This is clearly expressive content under the First Amendment in an audio-visual work. It's not merely a greeting card. It's not property. It's creative expressive content. And for that reason, it clearly falls within the purview of the anti-SLAPP statute. Thank you. Okay. Thank you, counsel. Mr. Cassano, thank you for your arguments earlier and being able to participate. We're glad we could accommodate you. And we will stand in adjournment. Thank you.
judges: Nelson, Fisher, Christen